UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

CRIM. CASE NO. 14-20185

v.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

JAROME QUINNEY,

          Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS ORAL STATEMENTS (Dkt. #14), AND DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM SEARCH OF HIS CELL PHONE (Dkt. #17)**

BACKGROUND FACTS

On March 7, 2014, members of the FBI Violent Crime Task Force (Task Force) executed a search warrant at a Detroit residence on 9395 Cheyenne. During an initial protective sweep, they handcuffed Defendant, Jarome Quinney. They seized a loaded Ruger pistol from an upstairs bedroom and a clear plastic bag containing 14 grams of marijuana from a hallway closet next to that bedroom.

After the seizure, and after removing his handcuffs, TFO Aubrey Sargent interviewed Defendant for about 30 minutes. Prior to the questioning, Sargent testified that he advised Defendant of his *Miranda*[1] rights, and Defendant signed a form acknowledging his being informed of his rights, his decision to waive his right to the presence of counsel, and to proceed

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966). *Also see Dickerson v. United States*, 530 U.S. 428 (2000), holding that *Miranda* is a Constitutional Decision of the Supreme Court.

1

with the interview.  Defendant made some inculpatory statements, which he now seeks to suppress.  At the conclusion of the interview, Defendant was neither recuffed nor arrested.

On March 17, 2014, a criminal complaint and arrest warrant were authorized charging Defendant with possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime.

On March 18, 2014, Defendant was arrested on the complaint and warrant at the Cheyenne address by TFOs Sargent and Anthony Gavel.  Defendant was handcuffed, and a cellular phone was seized from him.  Defendant was then driven, handcuffed, to the U.S. Courthouse lockup by TFO Sargent; TFO Gavel who had possession of the cell phone, followed in a second car.

TFO Sargent testified that during the ride down, while handcuffed, he questioned Defendant after orally providing *Miranda* warnings, and securing Defendant's oral waiver.  Defendant denies receiving any *Miranda* warnings on the way down town.  It is undisputed that Defendant  was not provided a *Miranda* waiver form to read the warnings.  During this questioning, Defendant made incriminating statements.

Upon arrival at the Courthouse garage, while still in Sargent's car, Defendant was approached by TFO Gavel and asked to consent to a government search of his cell phone.  Defendant was provided a consent to search form after TFO Gavel read it to him.  Defendant allegedly orally provided consent, and then written consent by printing his name on the consent form, and thereafter, provided TFO Gavel with the necessary password permitting access to his phone contents.  Defendant denies having an option to refuse consent to approve the phone search or to refuse to provide the password.

SUMMARY OF HOLDING

Having read the initial briefs, hearing testimony at a June 17, 2014 suppression hearing, and receiving post-hearing briefs from both parties, the Court concludes:

> 1. That Defendant's March 7, 2014 post-*Mirandized* and signed waiver form statements made while at his residence, not in handcuffs, are admissible.
> 2. That Defendant's March 18, 2014 statements, after oral *Miranda* warnings provided in a moving car while handcuffed, by the driver TFO Sargent, are not admissible. The circumstances of the interrogation – no written form provided to Defendant, and no face to face providing of *Miranda* rights to a handcuffed Defendant – so trivializes the required provision of *Miranda* rights as to undermine the *Miranda* waiver under the specific facts of this situation. There were no exigent circumstances necessitating this "on the fly" waiver.
> 3. That the oral consent search of his cell phone by Defendant and his printing his name on the consent form is sufficient to authorize consent.

As to the phone seizure and search consent, the Court does not find applicable the doctrine of "fruit poisonous tree" doctrine, *Wong Son v. United States*, 371 U.S. 471 (1963), insofar as the consent to search form signing occurred after the drive-questioning on the way downtown. The provision of the consent form to the Defendant, by TFO Gavel after seeking consent to search, Defendant's reading it and printing his name on the bottom of the form, are significant intervening events, sufficient to establish that his consent was voluntarily given under the Fourth Amendment per *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973), and *Oregon v. Elstad*, 470 U.S. 298 (1985).

DISCUSSION

### March 7th Oral Statement At Search Warrant Execution

Defendant was briefly detained in handcuffs during the search warrant execution at the

Cheyenne residence, and then uncuffed, taken into a room where he was *Mirandized*, signed the *Miranda* form, and made oral statements to TFO Sargent. After the interview, Defendant was not arrested.

The Court finds credible TFO Sargent's testimony – *Mirandizing*, unhandcuffing, done at Defendant's residence – and concludes that Defendant's March 7, 2014 oral statements are admissible evidence in this case. The initial handcuffing was done to permit the TFO team to safely search the house pursuant to the authorized warrant. After that search was concluded, Defendant was unhandcuffed, interviewed in a room, and not arrested.

The Court finds that Defendant was not in custody during the interview: there was no formal arrest or significant restraint on Defendant's freedom. *United States v. Panak*, 552 F.3d 462 (6th Cir. 2007). The location of the interview was Defendant's residence, the waiver of the questioning was not coercive, Defendant was not restrained during the questioning, had been *Mirandized*, and no police weapon was drawn.

March 18 Oral Statements in TFO Sargent's Car

Defendant was arrested and handcuffed at his residence, not formally *Mirandized* there, put in the front seat of the car and driven down to the Courthouse lockup. TFO Sargent testified that while driving the car, he orally advised the handcuffed Defendant of his *Miranda* rights, that Defendant orally waived his constitutional rights, and then made inculpatory statements.

The Court concludes that this driving episode of oral *Miranda* warnings, where no form is provided to Defendant and where the reality is that the driver/interrogator is concentrating on driving safely in urban traffic – a "*Miranda* on the fly" situation, does not comport with *Miranda* that requires effective and express explanation of Defendant's rights. What occurred here –

4

*Miranda* on the fly – does not meet that test.  The Government has not met the "heavy burden . . . to demonstrates that the Defendant knowingly and intelligently waived" his rights. *Miranda*, 384 U.S. 475.  Accordingly, the Court suppresses those in car statements.

March 18 Consent to Seize and Search Defendant's Cell Phone

The Court concludes that Defendant's consent to seizure of the cell phone, acknowledged by his printing (not signing) his name on the consent form, and providing his cell phone password, was a voluntary and knowledgeable consent, and that it was not tainted as "fruit of the poisonous tree" insofar as it followed the excluded in-car statements.

Defendant's Testimony

The Court finds not credible Defendant Quinney's testimony at the hearing that:

> (1) that on March 7, 2014, when Defendant was questioned after the search of his residence, that
>    (a) TFO Sargent never read him his *Miranda* warnings or have him read the form. (Tr. p. 114.)
>    (b) Defendant signed the *Miranda* waiver form only after making his statement. (Tr. P. 113)
>    (c) that Defendant was handcuffed while being interviewed, and that all during the interview TFO Sargent had his firearm resting on his lap, where he also kept "his little note pad as he was writing his stuff down as I was signing." (Tr. P.115)
> (2) Defendant had never seen the consent form prior to the hearing, and did not write anything on the form consenting to the search of his cell phone on March 18, 2014 (Hearing Tr. June 17, 2014, pp. 105-06.)

CONCLUSION

The Court DENIES Defendant's motion to suppress as to his March 7, 2014 statements, GRANTS Defendant's motion to suppress as to the statements made in the Agent's car on March 18, 2014, and DENIES Defendant's motion to suppress evidence resulting from the March 18,

2014 seizure and search of his cell phone.

SO ORDERED.

DATED: JUL 2 1 2014

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON July 21, 20 14

DEPUTY COURT CLERK

via email