UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAROME QUINNEY,

    Defendant.

Case No. 14-cr-20185
Case No. 14-cr-20336
HON. DENISE PAGE HOOD

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 51 in Case No. 14-cr-20185 and ECF No. 107 in Case No. 14-cr-20336]**

**I.    Introduction**

On July 7, 2020, Defendant Jarome Jaylen Quinney filed a joint Motion for Compassionate Release in each of Case No. 14-cr-20185 [ECF No. 51] and Case No. 14-cr-20336 [ECF No. 107] (the "Motion"). The Government filed a timely response, and Defendant filed a reply on July 27, 2020. Defendant also sent two *pro se* letters to the Court. For the reasons set forth below, Defendant's Motion is denied.

**II.    Background**

On April 1, 2014, Defendant was charged by Indictment in Case No. 14-20185, with Possession with Intent to Distribute Marijuana, 21 U.S.C. § 841(a)(1), and Possession of a Firearm During and in Relation to a Drug Trafficking Offense, 18

U.S.C. § 924( c).  On June 12, 2014, Defendant and others were charged by Indictment in Case No. 14-20336 with (a) Carjacking, 18 U.S.C. § 2119 and 2; (b) Attempted Carjacking, 18 U.S.C. § 2119 and 2; and (c) Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c) and 2.

On January 12, 2015, pursuant to a Rule 11 Plea Agreement, Defendant pled guilty to various charges in both cases. The Rule 11 Plea Agreement anticipated a total sentence range of 154-171 months followed by 84 months consecutive, pursuant to 18 U.S.C. §924(c).  On March 24, 2017, this Court imposed the following sentences: (1) in Case No. 14-20336: 12 months imprisonment (Counts 1, 2, 4) and 84 months imprisonment (Count 3), to be served concurrent to Counts 1, 2, and 4; and (2) in Case No. 14-20185: 12 months imprisonment, to be served concurrent to Counts 1, 2, and 4 of Case No. 14-20336.  Defendant was designated to serve his sentence at FCI Fort Dix. The Bureau of Prisons ("BOP") has calculated a Release Date of February 5, 2021, which includes good time credit and jail credit applied to Defendant's sentence. The BOP has set a date of October 6, 2020 for Defendant to be released to a residential reentry center ("RRC"). Defendant has already been designated to an RRC which is operating and will accept Defendant.

Defendant is 26 years old.  As indicated in the Presentence Report, Defendant was diagnosed with asthma as an infant. He is prescribed two inhalers (albuterol and

asmanex), which he has used throughout his term of incarceration. And, on October 28, 2019, while at FCI Fort Dix, he suffered a significant asthma attack. It required him to be monitored in the medical unit and he was provided a nebulizer treatment with albuterol and ipratropium. Defendant also has lung injuries stemming from collapsed lungs he suffered from a gunshot wound in 2011.

On May 7, 2020, Defendant filed a request for compassionate release with his warden. Defendant specifically noted that he had asthma and had previously suffered collapsed lungs from a gunshot incident. On June 8, 2020, the warden denied Defendant's request on the grounds that he did not present, "particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." Accordingly, it is undisputed that Defendant has exhausted his administrative remedies.

### III. Analysis

Defendant asserts that the sole basis for the Motion is for the Court to review his case based upon the Covid-19 pandemic, a situation which did not exist when he was sentenced and his original RRC release date was set. He claims that his susceptibility to Covid-19 and the practices at FCI Fort Dix constitute extraordinary and compelling reasons warranting his early release to his designated RRC. As the Government notes, in Case No. 14-cr-20185, pursuant to which Defendant was

convicted of possession with intent to distribute marijuana, the Court sentenced Defendant to 12 months imprisonment. Those 12 months were to be served concurrent to the sentence of 96 months in Case No. 14-cr-20336. As Defendant has already served the 12 month sentence in Case No 14-cr-20185, his request for compassionate release in Case No. 14-cr-20185 is moot. The balance of the Court's analysis pertains to Case No. 14-cr-20336.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A court also must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines states that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and limits compassionate release to a narrow group of defendants who satisfy at least one of four categories of "extraordinary and compelling reasons." Those four categories are based upon: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s

4

determined by the Director of the Bureau of Prisons," which the Bureau of Prisons has set forth in Program Statement 5050.50.[1] U.S.S.G. § 1B1.13 cmt. n.1. *See also United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreprovable harm or injustice would result if the relief is not granted." *See Sapp*, 2020 WL 515935, at *3 (citations removed). And, as the Tenth Circuit recently explained, a district court "lack[s] jurisdiction" to grant compassionate release when a defendant's circumstances do not fall within those categories. *Saldana*, 2020 WL 1486892, at *3.

The Court has reviewed and considered Defendant's contentions that: (a) the BOP has already determined that he is eligible for – and will be assigned to – an RRC;

---

[1] The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019). *See also* 18 U.S.C. § 3582(c)(1)(A).

(b) the effect of granting the Motion means that Defendant would be released to the RRC two months earlier than he is scheduled to do so; (c) he was only 20 when he committed the underlying crimes and has matured significantly in the six years since then, as reflected by his desire to start over in a different state rather than returning to the environment in which he committed the underlying crimes; and (d) he will not pose a danger if released.

For purposes of the determining the Motion, the Court will assume that Defendant can establish an "extraordinary and compelling reason" for release due to his health conditions[2] and that the Court has the authority to order Defendant into an RRC if it were to reduce Defendant's sentence to time served.[3] Even making those

---

[2] The Court does not need to, and does not, make a finding regarding Defendant's health and susceptibility to Covid-19, though it recognizes that the CDC has indicated certain classes of individuals are at higher risk for developing severe illness from Covid-19. Those classes include people suffering from underlying medical conditions such as moderate to severe asthma and chronic lung disease. *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. 2020). The CDC has identified asthma as a factor that may put individuals at a higher risk for severe illness from Covid-19. *United States v. Oliver*, 2020 WL 2768852 (E.D. Mich. 2020). The CDC states that Covid-19 can cause an asthma attack and serious illness in patients with moderate to severe asthma. Cotton v. United States, 2020 WL 3488752 (E.D. Mich. 2020). Prescribed daily use of an inhaler is consistent with medical evidence of moderate persistent asthma. *Id*.

[3] As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—**the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such

assumptions, the Court finds that Defendant's conduct with respect to the underlying offenses make him a danger to the community. This finding precludes releasing Defendant pursuant to USSG § 1B1.13(2) and means that a weighing of the § 3553(a) factors—which the Court must also consider under § 3582(c)(1)(A)—does not support the release of Defendant.

Section 1B1.13(2) only permits release if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." This means that violent offenders, including most drug dealers, are not eligible for release. *See United States v. Stone*, 608 F.3d 939, 947–48 & n.6 (6th Cir. 2010); *United States v. Knight*, No. 15-20283, 2020 WL 3055987, at *3 (E.D. Mich. June 9, 2020). Defendant is both a violent offender, as evidenced by his carjacking and firearm convictions, and he has been convicted of dealing drugs (marijuana). A

---

a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)**, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court does not need to, and does not, make a finding regarding whether it has the authority to sentence Defendant to time served and order him to an RRC.

reduction of Defendant's sentence under § 3582(c)(1)(A) is not warranted.

Defendant argues that he has already served the majority of his sentence and that the BOP has already approved him for release in approximately two months, on October 6, 2020. Defendant argues that this means that the BOP has already determined that, in approximately 2 months, he will not pose a danger to the community. Even if Defendant had shown "extraordinary and compelling reasons" and demonstrated that he is not dangerous, however, the Court concludes that Defendant would not be entitled to compassionate release based on a consideration of the factors set forth in 18 U.S.C. § 3553(a). *See Knight*, 2020 WL 3055987, at \*3 ("The § 3553(a) factors . . . weigh against his request for compassionate release."); *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at \*\*3–5 (E.D. Mich. May 15, 2020) ("Defendant's circumstances do not warrant compassionate release . . . under 18 U.S.C. § 3553(a)"); *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at \*6 (E.D. Mich. May 15, 2020) (denying compassionate release because "the 18 U.S.C. § 3553(a) sentencing factors do not favor release"); *see also United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (upholding a district court's denial of compassionate release based on the § 3553(a) factors).

The nature and circumstances of the underlying offenses do not support an early release. Defendant engaged in a number of armed carjackings. There were a number

of victims, and firearms were discharged at two separate crime scenes. Defendant also was one of the leaders of a street gang, RTM, that engaged in violent criminal activity. Although Defendant is only about nine weeks from being released to an RRC (on October 6, 2020), he originally was eligible and designated for an RRC as of August 6, 2020. His release date was moved because he incurred an infraction at the end of April, for which discipline of a 60 day delay in release was a punishment. For these reasons, the Court concludes that Defendant's history and characteristics and the factors set forth in 18 U.S.C. § 3553(a) do not support releasing Defendant.

The Court concludes that it cannot discount the risk of danger to the community posed by Defendant and will not grant Defendant a compassionate release due to the COVID-19 pandemic. Defendant's Motion is denied.

## IV. Conclusion

Accordingly,

IT IS ORDERED that the Motions for Compassionate Release filed in Case No. 14-cr-20185 [ECF No. 51] and Case No. 14-cr-20336 [ECF No. 107] are DENIED.

IT IS ORDERED.

Dated: October 1, 2020

s/Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE